# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMILCAR MENIJIVAR-UMANA, | No. 4:20-CV-00443 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN CLAIR DOLL, | |
| Respondent. | |

## MEMORANDUM OPINION

### JANUARY 13, 2021

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Amilcar Menijivar-Umana filed pursuant to 28 U.S.C. § 2241 in which he seeks to remedy his allegedly unconstitutional prolonged immigration detention.[1] Following an order to show cause, Respondent filed a response to the petition as well as a status update regarding Petitioner's bond hearings.[2] For the reasons set forth below, this Court will deny the petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador who was authorized for employment in the United States on April 30, 2001.[3] On August 30, 2001, he was granted temporary status.[4] On October 25, 2013, January 7, 2014, and March 20,

---

[1] Doc. 1.
[2] Docs. 6, 12.
[3] Doc. 6 at 2.
[4] *Id.*

2014, Petitioner was removed from the United States.[5] On August 29, 2017, the Department of Homeland Security reinstated Petitioner's previous order of removal.[6] On July 18, 2018, Petitioner was released into ICE's custody after serving a six month sentence for illegal reentry.[7]

Petitioner expressed fear of returning to El Salvador and was provided a reasonable fear interview.[8] The asylum officer determined that his fear was unfounded, and the case was referred to an immigration judge, who also determined the fear was unfounded.[9] The immigration judge did, however, raise concerns regarding the way the reasonable fear hearing was conducted and recommended the asylum office provide a second hearing.[10] Petitioner received a second hearing on September 28, 2018, and on October 3, 2018, the asylum officer issued a decision that a change to the outcome of the original reasonable fear interview was not warranted.[11]

On October 15, 2018, Petitioner filed a petition for review and a motion to stay removal with the United States Court of Appeals for the Third Circuit.[12] The motion to stay was granted.[13] Thereafter, the parties reached a mediation agreement

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 2-3.
[12] *Id.* at 3.
[13] *Id.*

in August 2019, which remanded the case back to the immigration judge for a *de novo* review of the fear-based claim.[14]

On September 18, 2019, the immigration judge conducted a second review of Petitioner's reasonable fear determination and found that he had demonstrated a reasonable fear of returning to El Salvador so he was placed in withholding only proceedings.[15] Petitioner then filed several applications for relief from removal and, on January 6, 2020, the immigration court held a hearing on the merits of those applications.[16] On February 13, 2020, the immigration judge denied all forms of relief from removal and ordered Petitioner removed to El Salvador.[17] Petitioner appealed this decision to the Board of Immigration Appeals, which affirmed the immigration judge's decision.[18] Petitioner then filed a petition for review with the Third Circuit, which pursuant to a standing practice order, issued a temporary stay of removal until it could evaluate Petitioner's motion for a stay of removal on the merits.[19]

Throughout the aforementioned proceedings, Petitioner was considered for bond pursuant to *Guerrero-Sanchez v. Warden, York County Prison*,[20] which held that a bond hearing is necessary for persons detained whose detention is expected to

---

[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] Doc. 12 at 2.
[19] *Id.*
[20] 905 F.3d 208 (3d Cir. 2018)

3

continue for more than six months. He was first considered for bond on February 2, 2019; however the immigration judge determined that Petitioner was a danger to the community and denied bond.[21] Specifically, the immigration judge noted Petitioner's pattern of operating under the influence offenses over the past decade, which included five charges and three convictions.[22] The immigration judge found the details of the OUI offenses especially concerning; for example, in one instance Petitioner drove onto a traffic island and attempted to continue driving after a police officer tried to stop his vehicle.[23] In another instance, he hit two parked cars.[24] The immigration judge also noted his recidivism even after extensive inpatient treatment and jail time.[25]

Per the procedure outlined in *Guerrero-Sanchez*, Petitioner was also considered for bond on August 19, 2019 and April 1, 2020, but was denied both times.[26] Petitioner appealed the April 1, 2020 denial to the Board of Immigration Appeals, which upheld the denial.[27] Petitioner was then considered for a change in custody status on August 4, 2020, October 9, 2020, and most recently on November

---

[21] Doc. 6 at 5.
[22] *Id.* at 5-6.
[23] *Id.* at 6.
[24] *Id.*
[25] *Id.*
[26] Doc. 12 at 3. Petitioner was denied bond after the August 19 hearing because he was determined to be a danger to the community and a flight risk. He was denied bond after the April 1 hearing due to being a flight risk.
[27] *Id.* at 3-4.

19, 2020, but Petitioner was denied any change in custody status because he had failed to articulate a material change in his circumstances.[28]

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."[29] A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."[30] As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims.[31]

### B. Analysis

In his habeas petition, Petitioner seeks to challenge his ongoing immigration detention as a violation of his right to Due Process. At the time he filed his petition, Petitioner's immigration status was subject to a reinstated prior order of removal. When the Department of Homeland Security reinstates a removal order, the "prior

---

[28] *Id.* at 4.
[29] 28 U.S.C. § 2241(c)(3).
[30] 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).
[31] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973). *See also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

order of removal is reinstated from its original date and is not subject to be being reopened or reviewed."[32]  The relevant statute further states that "the alien is not eligible and may not apply for any relief under this chapter."[33]

The date that a prior removal order is reinstated will be the date the order of removal becomes administratively final, such that, under a ninety-day "removal period" will begin on that date,[34] and detention authority follows.[35]  Here, Petitioner's removal order was reinstated on August 29, 2017, however Petitioner did not return to custody ICE custody until July 18, 2018.

In *Guerrero-Sanchez*, the Third Circuit held that a person subject to a reinstated order of removal in the process of withholding only proceedings whose detention has not been prolonged or whose removal is not imminent may be detained for six months before a bond hearing is necessary.[36]  Such a person may face prolonged detention without release on bond if the government establishes by clear and convincing evidence that the person poses a flight risk or a danger to the community.[37]

---

[32] 8 U.S.C. § 1231(a)(5).
[33] *Id.*  Such a person may, however, express a fear of persecution or torture upon removal to his or her home country, however during such withholding-only proceedings, "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief," including custody redeterminations.  8 C.F.R. § 208.2(c)(3)(i).
[34] 8 U.S.C. § 1231(a)(1)(B)(i).
[35] 8 U.S.C. s 1231(a)(2), (a)(6).  *See Guerrero-Sanchez*, 905 F.3d at 219.
[36] 905 F.3d at 220.
[37] *Id.* at 224.

As Respondent explains in the answer and status report, Petitioner's removal is not yet imminent as ICE does not currently has a travel document for Petitioner to return to El Salvador; he has, however, received periodic bond hearings every six months.  Specifically, Petitioner has had three bond hearings, at which he was denied bond, and he has also had three change in bond status hearings, the most recent of which occurred on November 19, 2020; he was denied a change in bond status at that time.  These hearings have occurred approximately every six months, and Respondent has stated that Petitioner will continue to receive these hearings every six months or until his removal is imminent.  Petitioner is free to appeal the immigration judge's denial of a change in status of his bond with the BIA if he wishes to challenge the denial.  However, because Petitioner has received bond hearings every six months pursuant to *Guerrero-Sanchez*, he has received all process due to him and the petition will be denied.

## IV.  CONCLUSION

For the reasons set forth above, the petition will be denied.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge